## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**DAVID T. THURSTON (#467930)**                     **CIVIL ACTION NO.**

**VERSUS**                                                            **19-365-BAJ-SDJ**

**JAMES LeBLANC, ET AL.**

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 14 days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein. Failure to file written objections to the proposed findings, conclusions and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on July 1, 2020.

_/s/ Scott D. Johnson_

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

**UNITED STATES DISTRICT COURT**

**MIDDLE DISTRICT OF LOUISIANA**

DAVID T. THURSTON (#467930)                        CIVIL ACTION NO.

VERSUS                                              19-365-BAJ-SDJ

JAMES LeBLANC, ET AL.

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Complaint of the *pro se* Plaintiff, David Thurston, an inmate confined at the Dixon Correctional Institute, Jackson, Louisiana. For the following reasons, the undersigned recommends the Complaint be dismissed pursuant to 28 U.S.C. §§ 1915(e) and 1915A.

**I.   Background**

Plaintiff instituted this action against James LeBlanc, Jason Kent, Travis Day, Dr. Hal McMurdo, and N.P. Birgendahl, alleging violations of the Eighth Amendment.[1] Specifically, on June 18, 2018, Thurston was attacked and sustained injuries, which required nine staples to close two open wounds.[2] He was treated at the DCI infirmary. Upon arrival at the infirmary, "Worley," not named as a defendant, began making preparations to bring Thurston for outside treatment, as is, according to Thurston, standard procedure, but Birgendahl informed Worley that she could treat Thurston at the DCI infirmary.[3] Thurston was placed in isolation overnight and was provided with an x-ray approximately 18 hours after the attack.[4] Thurston remained in "concussion protocol" for two-months, and at his check-ups complained regarding not receiving outside treatment to Dr. Hal MacMurdo. Thurston alleges that Travis Day, Warden Kent, and James LeBlanc were put on

---

[1] R. Doc. 1.
[2] R. Doc. 1, p. 4.
[3] R. Doc. 1, p. 4.
[4] R. Doc. 1, p. 4.

"notice" that Thurston had not received outside medical treatment by the filing of his administrative grievance at the first and second steps.[5] Thurston requests monetary and injunctive relief.[6]

## II. Law & Analysis

### a. Standard of Review

Pursuant to 28 U.S.C. §§ 1915(e) and 1915A, this Court is authorized to dismiss an action against a governmental entity or an officer or employee of a governmental entity if the Court is satisfied that the action or claim is frivolous, malicious, or fails to state a claim upon which relief may be granted. The statutes impose similar standards for dismissal.[7] Both statutes are intended to afford the court the ability to separate those claims that may have merit from those that lack a basis in law or in fact.

A claim is factually frivolous if the alleged facts are "clearly baseless, a category encompassing allegations that are 'fanciful,' 'fantastic,' and 'delusional.'"[8] A claim has no arguable basis in law if it is based upon an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist."[9] The law accords judges not only the authority to dismiss a claim that is based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations.[10] Pleaded facts that

---

[5] R. Doc. 1, p. 4.
[6] R. Doc. 1, p. 5.
[7] § 1915(e) provides a procedural mechanism for dismissal of those lawsuits against a governmental entity or employee or officer of a governmental entity that are frivolous, malicious, or fail to state a claim in proceedings where the plaintiff was granted leave to proceed *in forma pauperis*; § 1915A provides a procedural mechanism for dismissal of lawsuits by prisoners that are frivolous, malicious, or fail to state a claim upon which relief may be granted regardless of the pauper status of the plaintiff. Plaintiff was granted permission to proceed *in forma pauperis* on June 11, 2019. (R. Doc. 3).
[8] *Denton v. Hernandez*, 504 U.S. 25, 33-33 (1992), *citing Neitzke v. Williams*, 490 U.S. 319, 325 (1989).
[9] *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998).
[10] *Denton*, 504 U.S. at 32.

2

are merely improbable or strange, however, are not frivolous for purposes of § 1915.[11] A § 1915 dismissal may be made at any time, before or after service of process and before or after an answer is filed, if the court determines that the allegation of poverty is untrue; or the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief.[12]

To determine whether the complaint fails to state a claim under § 1915(e)(2)(B)(ii), courts apply the same standard used for dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure.[13] Accordingly, the court must accept all well-pleaded facts as true and view them in the light most favorable to the non-moving party.[14] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[15] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[16] A § 1915 dismissal may be made at any time, before or after service of process and before or after an answer is filed, if the court determines that the allegation of poverty is untrue; or the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief.[17]

### b. Deliberate Indifference

In order for there to be liability in connection with a claim of deliberate medical indifference, an inmate plaintiff must demonstrate that appropriate medical care has been denied

---

[11] *Id.* at 33; *Ancar v. Sara Plasma, Inc.*, 964 F.2d 465, 468 (5th Cir. 1992).
[12] *See Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).
[13] *Hart v. Harrison*, 343 F.3d 762, 763-64 (5th Cir. 2003).
[14] *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).
[15] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).
[16] *Id.*
[17] *See Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

3

and that the denial has constituted "deliberate indifference to serious medical needs."[18] Whether the plaintiff has received the treatment or accommodation that he believes he should have is also not sufficient absent exceptional circumstances.[19] Nor do negligence, neglect, unsuccessful treatment, or even medical malpractice, give rise to a § 1983 cause of action.[20] Rather, "subjective recklessness as used in the criminal law" is the appropriate definition of "deliberate indifference" under the Eighth Amendment.[21] *Farmer* lays out both an objective prong and a subjective prong.[22] The objective prong requires plaintiffs to demonstrate that "the deprivation alleged [was], objectively, 'sufficiently serious.'"[23] Second, under *Farmer's* "subjective" prong, plaintiffs must show that prison officials acted with a "sufficiently culpable state of mind."[24] The deliberate indifference standard sets a very high bar: the plaintiff must be able to establish that the defendants "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs."[25] Further, a mere delay in providing medical treatment does not amount to a constitutional violation without both deliberate indifference and a resulting substantial harm.[26]

Here, Thurston complains solely about, it appears, a delay of 18 hours in obtaining an x-ray and a lack of outside medical treatment. As stated above, a delay in providing medical treatment will only amount to a constitutional violation upon a showing of both deliberate indifference and a resulting substantial harm.[27] Here, Thurston does not even allege treatment was

---

[18] *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Johnson v. Treen*, 759 F.2d 1236, 1237 (5th Cir.1985).
[19] *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006) (citations omitted).
[20] *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir.1991).
[21] *Farmer v. Brennan*, 511 U.S. 825, 839–30 (1994).
[22] *Id*. at 837.
[23] *Id.* at 834 (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)).
[24] *Id.*
[25] *Domino v. Texas Dept. of Criminal Justice*, 239 F.3d 752, 756 (5th Cir.2001), *quoting Estelle v. Gamble*, *supra*.
[26] *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993).
[27] *Id.*

4

delayed; rather, he complains that he did not receive a prompt x-ray. Further, Thurston has not provided any facts that indicate a delay in obtaining the x-ray caused him any substantial harm, and the Fifth Circuit has found that much longer delays without resulting substantial harm fail to establish a constitutional violation. For example, in *O'Bryant v. Culpepper*,[28] the Fifth Circuit found no error in the dismissal of a complaint for failure to state a claim where the plaintiff had been injured on a Saturday and did not receive treatment until the following Thursday because the plaintiff could not show that the delay in treating his injury caused substantial harm. Here, it appears that Thurston was promptly treated and the "delayed" x-ray was taken within 24 hours of the initial injury.

With respect to the lack of outside medical treatment, Thurston has also failed to state a claim of constitutional dimension. Birgendahl evaluated Thurston and determined that he could be treated at DCI. Whether a plaintiff needs to be sent to an outside facility for additional tests or treatment is a matter of professional medical judgment that the courts will not normally second-guess in the context of a claim of deliberate medical indifference.[29] "Plaintiff's dissatisfaction with the treatment he received is not sufficient to establish a constitutional violation."[30] Thurston has failed to identify how any treatment he was rendered was even insufficient, much less unconstitutional.

Finally, to the extent Thurston attempts to make a claim that prison procedures were not followed, since he was not transferred to an outside facility, such a claim also fails. The failure of

---

[28] 214 F.3d 1350 (5th Cir. 2000).

[29] *See Cuellar v. Livingston*, 321 F.Appx. 373, 374 (5th Cir. 2009) (upholding the dismissal of an inmate's claim as frivolous where he complained of a failure to refer him to a specialist, noting that "the question whether 'additional diagnostic techniques or forms of treatment is indicated is a classic example of a matter for medical judgment,'" (quoting *Estelle*, 429 U.S. at 107). *See also Corte v. Shaffer*, 24 F.3d 237 (5th Cir. 1994) (concluding that, contrary to the plaintiff's allegation that he had received "no treatment" and that he needed a referral to a specialist, he had failed to demonstrate deliberate indifference where he had been seen by prison medical personnel and where his test results were within a normal range).

[30] *Lemar v. LeBlanc*, 2012 WL 4024561 (M.D. La. Aug. 22, 2012).

5

prison officials to follow prison rules or regulations does not amount to a constitutional violation, if minimum constitutional standards are nevertheless met.[31]  Accordingly, even if it was against standard protocol to treat Thurston at DCI, because constitutional standards were nevertheless met, Thurston has failed to state a claim in this regard as well.

### c. Supplemental Jurisdiction

To the extent that Thurston's allegations may invoke the supplemental jurisdiction of this court over potential state law claims, a district court may decline the exercise of supplemental jurisdiction if a plaintiff's state law claims raise novel or complex issues of state law, if the claims substantially predominate over the claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons.[32]  In the instant case, having recommended that Thurston's federal claims be dismissed, it is further recommended that the exercise of supplemental jurisdiction be declined.

### RECOMMENDATION

**IT IS RECOMMENDED** that the Court decline the exercise of supplemental jurisdiction over any potential state law claims, that the plaintiff's federal claims be **DISMISSED, WITH PREJUDICE**, as legally frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. §§ 1915(e) and 1915A[33] and that this case be **CLOSED**.

Signed in Baton Rouge, Louisiana, on July 1, 2020.

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[31] *Brewster v. Dretke*, 587 F.3d 764, 768 (5th Cir. 2009).
[32] 28 U.S.C. § 1367.
[33] The plaintiff is advised that 28 U.S.C. § 1915(g) provides that, "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section [Proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."  Should this Report and Recommendation be adopted, the Ruling in this matter will constitute a strike.